UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH KNAPP FORCIER,

    Plaintiff,

v.                                        CASE No. 8:08-CV-1833-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the unfavorable portion of a decision denying her claim for Social Security disability benefits and denying in part her claim for supplemental security income payments.[*] Because the challenged portion of the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision shall be affirmed.

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

I.

The plaintiff, who was fifty-six years old at the time of the administrative hearing and who has some college education, has worked as a clerical worker and medical assistant (Tr. 24, 76, 106). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to arthritis and degenerative disc disease of the back (Tr. 75). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of degenerative disc disease of the neck and back, and obesity (Tr. 15). The law judge found that she was disabled as of March 1, 2007 (Tr. 21). However, the law judge determined that, prior to March 1, 2007, the plaintiff's impairments restricted her to a range of sedentary work but did not render her disabled (Tr. 16). The law judge concluded in this respect (id.):

> She was able to occasionally lift or carry ten pounds and frequently lift or carry five pounds. She was able to sit for about eight hours in an eight hour work day and stand or walk for two hours in

an eight hour work day. She required a sit/stand option.

The law judge determined further that these restrictions did not prevent the plaintiff from returning to past work as a scheduler (Tr. 20). The law judge therefore decided that the plaintiff was not disabled prior to March 1, 2007. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A),

1382c(a)(3)(B). The plaintiff must also show that she became disabled before her insured status expired on December 31, 2005, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff previously filed for disability benefits which were denied by an administrative law judge after a hearing. The plaintiff sought review of the decision in this court, but the decision was affirmed. Knapp v.

Barnhart, Case No. 8:05-CV-832-T-MAP, Doc. 21. Before this court's decision was even rendered, the plaintiff filed a new application for disability insurance benefits, alleging a disability onset date of July 18, 2003, which was the day after the prior administrative decision. The law judge in this matter found that the plaintiff had multiple severe impairments that greatly limited her residual functional capacity, but that she was not totally disabled during the insured period, which ended on December 31, 2005. Further, the law judge determined that the plaintiff became disabled as of March 1, 2007, but not before that date. The plaintiff raises three specific issues in challenging the law judge's decision. None warrants reversal.

  A. The plaintiff challenges the law judge's selection of the disability onset date (Doc. 19, pp. 6-9). She asserts that there was not substantial evidence to support a finding that she became disabled as of March 1, 2007, the date the law judge determined that she was disabled. The thrust of the plaintiff's argument is that her condition did not appreciably change around the date she was found disabled.

  This challenge is misplaced. The plaintiff must demonstrate that the evidence compels a finding that she was disabled prior to March 1, 2007

(and by December 31, 2005, in order to be awarded disability benefits). It is not enough to show that the law judge erred in selecting March 1, 2007, as the disability onset date since, if the plaintiff became disabled after that date, such a finding would not benefit the plaintiff.

In determining that the plaintiff was not disabled prior to March 1, 2007, the law judge stated (Tr. 18-19):

> A consideration of factors outlined in Social Security Ruling 96-7p, which requires the undersigned to consider the effects of pain and other symptoms upon an individual's ability to work, supports a finding that the claimant is able to perform work at a sedentary level of exertion. The claimant alleged that she was unable to work, but that is found not to be the case. She testified she could perform light housework and dusting. She was able to do laundry and change sheets. She also did dishes. Dr. [M. Allam] Reheem treated her for pain management and reported consistently from December 2005 through December 2006 that her pain was controlled and she was active and functional. Dr. [R.] Salari found no evidence of the pain complained of. She was able to do occasional lifting of weight up to 20-25 pounds or frequent lifting of 5-8 pounds. Neither her treating specialist, Dr. Reheem, nor her treating family physician, Dr. [Bradley A.] Tan, indicated she was unable to work or carry out her daily activities. To the contrary, Dr. Reheem consistently indicated she was active and functional. Even her earlier pain specialist, Dr. [Saqib B.] Khan, had noted she was

able to perform light housework and attend to her personal needs. The claimant's assertions are contradictory with not only the medical evidence, but also not consistent with her own statements contained in the record and in her testimony.

These reasons provide an adequate basis for concluding that the plaintiff was not disabled prior to March 1, 2007. The plaintiff has not pointed to evidence in the record that compels a contrary finding. It is certainly not sufficient to argue that the evidence after March 1, 2007, was not significantly different. That would simply mean that the plaintiff was not disabled after March 1, 2007, either.

Granting the plaintiff the benefit of the doubt, the law judge concluded that her disability began on March 1, 2007, because she reported that she was experiencing increased pain. He explained as follows (Tr. 19-20):

> In February 2007, she reported increased pain to Dr. Reheem. She had experienced additional decrease in range of motion of her cervical and lumbar spine, and some loss of memory due to her medication. In March 2007, she reported decreased range of motion of her neck and back. In July 2007, she reported increased pain after taking a trip. She was continued on her medication. Dr. Reheem reported her pain was now controlled at a tolerable level. She reported

increased pain in August 2007. On October 1, 2007, her pain level had increased and she had begun to feel depressed due to the level of pain. Dr. Reheem again indicated her pain was at a tolerable level with pain management. In November 2007, besides increased pain, she was also having increased headaches. In January 2008, she complained of increased pain with weather changes and sometimes while sleeping. Dr. Reheem continued to describe her pain as tolerable. (Exhibit B15F) In February-March 2008, her pain was described as six on a ten point scale. Dr. Reheem characterized her pain as tolerable in February, but well controlled in March. (B20F) On August 31, 2007, Dr. Tan observed she had gained twenty pounds since her last visit in December 2006 and was obese. (Exhibit B16F) Since March 2007, Dr. Reheem had characterized her pain as tolerable, unlike prior observations that indicated she was active and functional. Dr. Raheem [sic] noted her decrease in range of motion, memory loss caused by medications, and increased pain since March 2007. Dr. Tan had observed she was obese. The undersigned finds her testimony credible in describing the effects of chronic pain and medication. The side effects required her to lie down for substantial periods of time during the work week. This precluded her from being able to work a full time job. Her testimony was consistent with the objective medical evidence.

The plaintiff points to several places in the record indicating that her condition after March 1, 2007, was similar to her condition before that date (Doc. 19, pp. 7-8). The Commissioner responds that there is evidence

in the record which supports the finding that the plaintiff's condition had worsened after March 1, 2007 (Doc. 20, p. 5). While that contention is plausible, it does not really matter. The issue here is not whether the plaintiff's condition worsened after March 1, 2007, but whether she was disabled prior to that date. The law judge provided a reasonable explanation for concluding that she was not, and that explanation is supported by substantial evidence.

It is appropriate to add that the law judge's finding of disability as of March 1, 2007, reflects a very generous granting of the benefit of the doubt. At the hearing, the law judge stated to plaintiff's counsel, "I do the most that I can for a person" (Tr. 590). This comment helps explain the law judge's finding of disability.

In the middle of this issue, the plaintiff complains that the law judge did not discuss the opinion of Dr. Khan, her prior pain management doctor (Doc. 19, p. 7). This contention is appropriately disregarded because it contravenes the scheduling Order, which requires a plaintiff to identify with particularity the discrete grounds upon which the administrative decision is being challenged (Doc. 14, p. 2). Moreover, contrary to the plaintiff's

suggestion, the law judge did discuss the information from Dr. Khan in his decision (Tr. 18, 19).

Further, the law judge cannot be faulted for not addressing the word "disabled" in Dr. Khan's notes because that word simply reflects the plaintiff's alleged work status and not Dr. Khan's opinion. Thus, at the bottom of Dr. Khan's one-page follow-up reports is a place to write the work status of the patient (see, e.g., Tr. 203). The plaintiff points to two visits where the doctor wrote "disabled" next to "Work Status" (Doc. 19, p. 7). Clearly, Dr. Khan was not classifying the plaintiff as disabled. On some of the reports, Dr. Khan wrote, "not" or "not working" (Tr. 199, 200, 227), while on others he wrote "disabled" (Tr. 204, 205), and some were left blank (Tr. 203, 207, 209). Consequently, the law judge could reasonably conclude that the notation at the bottom of the page indicates the plaintiff's reported work status, and not the doctor's opinion whether the plaintiff is disabled. Accordingly, those notations fall under the principle that the law judge does not have to discuss every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

B. The plaintiff next contends that the law judge erred in his determination of the plaintiff's credibility. The plaintiff asserts that the law judge's reasons for discrediting the severity and limiting effects of the physical ailments claimed by the plaintiff were not based on substantial evidence (Doc. 19, p. 9). This argument lacks merit. Moreover, this same argument was raised in the plaintiff's last lawsuit and rejected. Knapp v. Barnhart, supra, Doc. 21, pp. 3-4.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, supra, 395 F.3d at 1210. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's

testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge in this case recognized the need to articulate a credibility determination and referred to the regulations and Social Security Rulings governing such determinations (Tr. 17), thereby demonstrating that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). The law judge then evaluated the medical evidence and set forth his reasons for discounting, to some extent, the plaintiff's subjective allegations (Tr. 18). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff has severe impairments that restricted her to a reduced range of sedentary work prior to March 1, 2007 (Tr. 19). The law judge rejected only the allegations of total disability.

The reasons for the law judge's credibility determination were previously quoted. In short, the law judge found that the plaintiff's allegations were "contradictory with not only the medical evidence, but also not consistent with her own statements" (Tr. 19). As indicated, that finding is reasonable and supported by substantial evidence.

In challenging the credibility determination, the plaintiff asserts that it was improper for the law judge to use Dr. Reheem's opinion that she was "active and functional" to discredit her testimony, because "[f]unctional is a word that can mean many things" (Doc. 19, p. 11). However, the law judge could rationally conclude that those terms, along with such comments as "reasonably controlled neck and back pain" (Tr. 303) indicate that the plaintiff was not totally disabled.

The plaintiff also challenges the use of her daily activities in the law judge's credibility determination (Doc. 19, p. 10). However, a plaintiff's daily activities are properly included in the evaluation of the credibility of her complaints. 20 C.F.R. 404.1529(c)(3)(i), 416.929(c)(3)(i); May v. Comm'r of SSA, 226 Fed. Appx. 955, 959 (11th Cir. 2007).

In sum, the law judge's credibility determination is reasonable and supported by substantial evidence. Clearly, the evidence does not compel the contrary conclusion that the plaintiff's testimony was entirely credible.

C. The plaintiff's third, and half-hearted, argument is that the law judge erred in not finding her mental impairment and Crohn's disease severe (Doc. 19, pp. 11-12). Those contentions are meritless.

The plaintiff challenges the finding of a nonsevere mental impairment on the ground that she has an "extensive history of depression and anxiety and treatment for it" and that "there is ample evidence" to support a severe mental impairment (id.). However, under the substantial evidence test, that is not enough to justify a reversal; rather, the evidence must compel a reversal. Adefemi v. Ashcroft, supra, 386 F.3d at 1027. The plaintiff does not even identify the alleged functional limitations resulting from her anxiety and depression. The plaintiff was warned in the scheduling Order that her memorandum had to support the discrete challenges "by citations to the record of the pertinent facts," and that the failure to do so could cause her argument to be disregarded (Doc. 14, p. 2). Therefore, this argument is properly deemed abandoned for lack of proper development (see id.). In all events, the contention is meritless. Moreover, it also was previously rejected by this court in the prior case.

The plaintiff contends that the law judge erred in failing to find that the plaintiff's depression and anxiety are severe impairments within the meaning of the Social Security regulations. The regulations define a nonsevere impairment as one that "does not significantly limit [the

claimant's] physical or mental abilities to do basic work activities." 20 C.F.R. 404.1521(a), 416.921(a).

The reasons set forth by the law judge adequately support his finding that the plaintiff does not have a significant mental impairment. Further, the plaintiff testified that her anxiety is "tolerable" and that her depression "just keeps coming back" (Tr. 555, 557). Moreover, she has never sought treatment from a psychologist or a psychiatrist. As the law judge pointed out, the plaintiff was referred to consulting psychologist Susan A. Henderson, Psy.D., who concluded that she had an adjustment disorder with depressed mood, primarily due to her physical problems (Tr. 16; see Tr. 231-33). Dr. Henderson set forth no functional limitations and recommended that she seek therapy (Tr. 233). In addition, the law judge pointed to the opinion of Nicole P. Jung, Psy.D., who reviewed the record, and concluded that the plaintiff had no severe mental impairment, with only mild limitations in the areas of functioning (Tr. 16; see Tr. 261). In addition, a second reviewing psychologist also determined that the plaintiff's mental impairment was not severe (Tr. 319). Under these circumstances, the law judge could reasonably find that the plaintiff's mental impairment was nonsevere. The evidence

certainly does not compel a finding that the plaintiff has a severe mental impairment.

The objective medical evidence is also consistent with the law judge's conclusion that the plaintiff's Crohn's disease "do[es] not significantly interfere with her ability to work" (Tr. 16). Importantly, she was diagnosed with Crohn's disease in approximately May 2006, well after the claimant last met the insured status requirements. By December 2006, her primary care physician, Dr. Tan, opined that her Crohn's disease was "clinically asymptomatic" (Tr. 425). Moreover, the plaintiff testified that her Crohn's disease is kept in remission by her medication (Tr. 559). Significantly, it is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Consequently, the law judge could reasonably conclude that the plaintiff did not have a significant functional limitation due to Crohn's disease.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 12th day of December, 2009.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE